ANNE M. BEVINGTON (SBN 111320)
ALLAN D. SHULDINER (SBN 252259)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
(510) 906-4710
(415) 882-9287 – Facsimile
abevington@sjlawcorp.com
ashuldiner@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JORDAN SATRAP, TRUSTEES;<br><br>Plaintiffs,<br><br>v.<br><br>SPECTRUM PAINTING AND DECORATING, INC., a California corporation; SPECTRUM PAINTING AND DECORATING, a sole proprietorship; MADERA INVESTMENTS, LLC, a suspended California limited liability partnership; and DAVID MIN HANG CHAN AND SUZANNE D. CHAN (aka NAGY), Individuals,<br><br>Defendants. | Case No.: 18-cv-07723<br><br>**COMPLAINT** |

**INTRODUCTION**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to

1 ensure that withdrawal liability could actually be collected.

2 Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or businesses under common control are to be treated as a single employer.

3 ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2), and any dispute concerning the Plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

4 Defendant Spectrum Painting & Decorating, Inc. ("SPDI") was a participating employer in the Bay Area Painters and Tapers Pension Trust Fund ("Plan"). On or about July 1, 2014, Defendant SPDI withdrew from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against Defendant SPDI and all members of its controlled group, for the sum of $147,346.00 under ERISA §4203, 29 U.S.C. §1383. By letter dated October 7, 2015, ("Assessment"), Plaintiffs notified Defendants SPDI, Spectrum Painting & Decorating ("SPD"), Madera Investments, LLC ("Madera"), and David Min Hang Chan ("David Chan") and Suzanne D. Chan aka Nagy ("Suzanne Chan"), and all members of SPDI's controlled group of the assessed withdrawal liability. On April 12, 2016, Plaintiffs notified Defendants in writing that there was a substantial likelihood that SPDI would be unable to pay its withdrawal liability and thus, the Plan accelerated the entire unpaid withdrawal liability. Defendants David Chan, Suzanne Chan, SPD, Madera and SPDI are within the same controlled group and thus are jointly and severally liable for the withdrawal liability.

5 None of the withdrawal liability has been paid. As of the filing of this Complaint, Defendants are in default on the outstanding withdrawal liability. Plaintiffs therefore seek a money judgment against Defendants SPDI, SPD, Madera and David Chan, as an individual, and each member of Defendant SPDI's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated

damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants SPDI, SPD, David Chan and Suzanne Chan, for any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

## PARTIES

1. The Plan is an employee benefit plan as defined in ERISA §3(3) (29 U.S.C. §1002(3)), an "employee benefit pension plan" as defined in of ERISA §3(2) (29 §U.S.C. 1002(2)); and a "multiemployer plan" as defined in ERISA §§3(37) and 4001(a)(3) (29 U.S.C. §§1002(37) and 1301(a)(3)).  The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c) (29 U.S.C. §186(c)).

2. Plaintiffs Chris Christophersen and Jordan Satrap are members of the Board of Trustees ("Trustees") of the Plan, which is the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), (29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A)).  They are therefore, fiduciaries of the Plan under ERISA §§3(21)(A) and 402(a) (29 U.S.C. §1002(a)).  As Trustees of the Plan they are empowered to bring this action on behalf of the Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3) (29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b)).

3. Defendant SPDI is a California corporation with its principal place of business located at 1325 Howard Ave., #336, Burlingame, CA 94010.  Defendant SPDI is an employer within the meaning of ERISA §3(5) of (29 U.S.C. §1002(5)) and National Labor Relations Act ("NLRA") §2(2) (29 U.S.C. §152(2)), and was engaged in an industry affecting commerce within the meaning of ERISA §3(11) and (12) (29 U.S.C. §1002(11) and (12)).

4. Plaintiffs are informed and believe that, at all relevant times, Defendants David Chan and Suzanne Chan owned 80% or more of the voting shares of Defendant SPDI.

5. Plaintiffs are informed and believe that, at all relevant times, Defendants David Chan and Suzanne Chan owned and operated a trade or business by operating SPD, a sole proprietorship, with its principal place of business located at 1325 Howard Ave., #336, Burlingame, CA 94010.  Thus, Defendants SPDI, David Chan, Suzanne Chan and SPD are treated as a single employer under common control and are jointly and severally liable for Defendant

1  SPDI's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. § 1301(b)(1).

2       6.    Plaintiffs are informed and believe that, at all relevant times, Defendant David Chan owned and operated a trade or business by operating Madera, a suspended limited liability corporation, with its principal place of business located at 1290 Bayshore Hwy. # 266, Burlingame, CA 94010. Plaintiffs are informed and believe that, at all relevant times, Defendant David Chan owned 80% or more of the voting shares of Defendant Madera. All entities considered to be trades or businesses under common control are treated as a single employer and are jointly and severally liable for SPDI's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. § 1301(b)(1). Thus, Defendants SPDI and Madera are treated as a single employer under common control and are jointly and severally liable for Defendant SPDI's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. § 1301(b)(1).

## JURISDICTION

     7.    Jurisdiction over the claims asserted by the Plaintiffs is conferred upon this Court pursuant to §§4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. §§1451(c) and 1132(e)(1) and (f)). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and obtain all other appropriate legal or equitable relief under ERISA.

## VENUE

     8.    Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1) (29 U.S.C. §§1451(d) and 1132(e)(2)). Where an action is brought under ERISA §§4301 and 502 (29 U.S.C. §§1451 and 1132) in a District Court of the United States, it may be brought, at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served in any other district where a defendant resides or may be found. The Plan, on whose behalf the Trustees bring this action, is administered in this district at its principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

1    9.    Assignment to the San Francisco/Oakland Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plan is administered.

## FACTUAL ALLEGATIONS

10.    Defendant SPDI was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the District Council 16 of the International Union of Painters and Allied Trades ("Union"). The Union is a labor organization as defined in of the NLRA §2(5), 29 U.S.C. §152(5) that represents employees in an industry affecting interstate commerce. Defendant SPDI was obligated to and did make contributions to the Plan on behalf of their employees that were covered under that Bargaining Agreement.

11.    Upon information and belief, Defendants David Chan and Suzanne Chan each own 50% of the voting shares of stock of SPDI. The interests that Defendants David Chan and Suzanne Chan have in Defendant SPDI are attributed to one another pursuant to the spousal attribution rules described in 26 CFR §1.414(c)-4(b)(5)(i), such that each of them is deemed to own 100% of the voting stock of SPDI. As both individuals are officers in SPDI, the exception to the spousal attribution rules described in 26 CFR §1.414(c)-4(b)(5)(ii) does not apply.

12.    On or about July 1, 2014, Defendant SPDI made a complete withdrawal under ERISA §4203, 29 U.S.C. §1383, from participation in the Plan.

13.    By written notice dated October 7, 2015, Plaintiffs notified Defendants SPDI, SPD, Madera, David Chan and Suzanne Chan (erroneously identified as Susan Chan in the notice), and all members of SPDI's controlled group, of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, et seq. Specifically, the Plan notified Defendants of the following in its notice dated October 7, 2015, which is attached hereto as Exhibit 1:

(a)    The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2013, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

(b)    The withdrawal liability of Defendant SPDI in the amount of $147,346.00

could be paid lump sum or in quarterly installments as follows:

| | |
|---|---|
| $9,968.00 | December 1, 2015 |
| $9,968.00 | March 1, 2016 |
| $9,968.00 | June 1, 2016 |
| $9,968.00 | September 1, 2016 |
| $9,968.00 | December 1, 2016 |
| $9,968.00 | each successive quarter through September 1, 2019 |
| $5,065.00 | December 1, 2019 |

(c)     Defendants had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

(d)     Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

(e)     Information and documents regarding all trades and businesses under common control with Defendant SPDI were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

14.     In order to initiate arbitration under ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XV of the Plan's Withdrawal Liability Procedures mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) which requires an employer's request for review to be in writing.

(a)     Defendant SPDI arguably requested review in an email dated February 17, 2016, which relevant portion stated "I would like to request a review of the plan's assessment how they came up with the figure owe (sic)."

(b)     Plaintiffs contend that this was not a valid request for review, as ERISA §4219(b)(2)(A)(i), 29 U.S.C. §1399(b)(2)(A)(i) requires the employer to request the plan sponsor "to review any specific matter relating to the determination of the employer's liability and the schedule of payments," and Defendant SPDI's email did not point to any specific matter relating to the determination of liability or schedule of payments in the Plan's October 7, 2015 notice.  If

1  Defendants SPDI, SPD, Madera, David Chan and Suzanne Chan, as individuals, have failed to
2  request review, they are precluded from initiating arbitration.

3  (c) However, even if Defendant SPDI's February 17, 2016 email were to be
4  construed as a valid request for review, ERISA §4221(a)(1)(B), 29 U.S.C. §1401(a)(1)(B) requires
5  arbitration to be initiated within the 60 day period beginning 120 days after SPDI's request for
6  review, so that the 60 day period to initiate arbitration began on or about June 16, 2016 and ended
7  on or about August 15, 2016.  Arbitration has not been initiated and the time for initiating
8  arbitration has now expired.

9  15. Defendants failed to make any of the required quarterly installment payments.

10  16. Pursuant to Section XIII of the Plan's Withdrawal Liability Procedures (attached as
11  Exhibit C to the Notice of Assessment), and ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b),
12  Defendants SPDI, SPD, Madera, David Chan and Suzanne Chan are in default because SPDI is
13  winding down its operations, and the Plan did not receive any of the required quarterly installment
14  payments, indicating a substantial likelihood that SPDI is unable to pay its withdrawal liability.

15  17. By written notice dated April 12, 2016, Plaintiffs accelerated Defendant SPDI's
16  entire unpaid withdrawal liability in the amount of $147,346.00 in accordance with Section XIII of
17  the Plan's Withdrawal Liability Procedures and ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b),
18  to be payable immediately.

19  18. Defendants failed to make the required accelerated withdrawal liability payment.

**FIRST CAUSE OF ACTION**
**Against All Defendants For Violation of ERISA §4219 (29 USC §1381):**
**Request for Payment of Entire Withdrawal Liability, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above.

20. On or about July 1, 2014, Defendant SPDI made a "complete withdrawal" from the
Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, et seq.

21. Plaintiffs are informed and believe that, at all relevant times, Defendants David
Chan and Suzanne Chan each owned 80% or more of the voting shares of Defendant SPDI.

7                                                          **COMPLAINT**

22. Plaintiffs are informed and believe that, at all relevant times, Defendant David Chan owned 80% or more of the voting shares of Defendant Madera. Thus, through the spousal attribution rules of 26 CFR §1.414(c)-(4), Defendants SPDI and Madera are treated as a single employer under common control and are jointly and severally liable for Defendant SPDI's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

23. Plaintiffs are informed and believe that, at all relevant times, Defendants David Chan and Suzanne Chan owned and operated a trade or business by operating Defendant SPD. Thus, Defendants SPDI, SPD, David Chan and Suzanne Chan are treated as a single employer under common control and are jointly and severally liable for Defendant SPDI's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

24. On October 7, 2015, Plaintiffs assessed withdrawal liability against Defendants SPDI, SPD, Madera, David Chan, Suzanne Chan and all members of SPDI's controlled group.

25. To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants.

26. In addition, on April 12, 2016, Plaintiffs accelerated Defendant SPDI's entire unpaid withdrawal liability pursuant to ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b), to be payable immediately.

27. To date, the entire withdrawal liability payment has not been received by the Plan from Defendants.

28. Defendants are therefore are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and the entire unpaid withdrawal liability, plus accrued interest on the entire unpaid amount from December 1, 2015, is due.

29. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $147,346.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

30. ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an

employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145. Thus, Defendants are also liable for an amount equal to the greater of interest or liquidated damages under the Plan, and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The Plan provides for interest at the rate of 5% and for liquidated damages in an amount equal to the greater of interest or 20% of the unpaid withdrawal liability.

31.     Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.      For a judgment providing that all named Defendants as well as all other members of Defendant SPDI's controlled group are jointly and severally liable to immediately pay to Plaintiffs the following sums:

(i)     The unpaid withdrawal liability of $147,346.00, less any credits for recoveries received before the time of judgment;

(ii)    Interest on the unpaid withdrawal liability at the rate of 5% per annum from December 1, 2015 until the date of payment, pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

(iii)   Pursuant to ERISA §502(g)(2)(C), 29 U.S.C. §1132(g)(2)), liquidated damages equal to the greater of:

(a)     The accrued interest on the unpaid withdrawal liability at the time of judgment, or

(b)     An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

        (iv)    Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§4301(e) and 502(g) (29 U.S.C. §§1451(e) and 1132(g)).

    2.    Such other relief as this Court deems appropriate pursuant to ERISA §502(g)(2)(E) (29 U.S.C. §1132(g)(2)(E)).

Dated:   December 26, 2018                SALTZMAN & JOHNSON
                                                   LAW CORPORATION

                                      By:   ___/S/_____
                                                Allan D. Shuldiner
                                                Attorneys for Plaintiffs

**COMPLAINT**